## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

MOHAMED ADMED HASSAN                                CIVIL ACTION NO. 14-2825
ABDALLAH OMRAN

VERSUS                                              JUDGE ELIZABETH FOOTE

STEVE PRATOR, ET AL                                 MAGISTRATE JUDGE HORNSBY

### ORDER

Before the Court are three appeals by Plaintiff of Orders of the Magistrate Judge denying Plaintiff's motions to compel [Record Documents 45, 55, 78]. Plaintiff is a pro se inmate formerly housed at Caddo Correctional Center ("CCC"). While an inmate at CCC, Plaintiff filed this claim, alleging that CCC's phone policy violates the First Amendment. He has since filed several motions to compel responses to discovery requests. For the reasons discussed below, all three Orders of the Magistrate Judge [Record Documents 43, 53, 60] are **AFFIRMED**.

First, Plaintiff filed a Motion to Compel Lt. Dinkins to Answer Interrogatory Number 10, asking why CCC denied Plaintiff's grievance. Record Document 31. The Magistrate Judge denied the motion, pointing out that Defendant Dinkins responded to Plaintiff's motion, stating that Dinkins had filed supplemental discovery responses following the court's order that he do so. Record Document 43. Plaintiff appeals, claiming that "the defendants did not sincerely answer the questions and provided evasive answers" and that, contrary to the Magistrate Judge's statement, he had filed a

reply to the Defendants. Record Document 45. First, as the Magistrate Judge has already noted, "[t]he purpose of a motion to compel is not to test the truthfulness of a party's response." Record Document 30. Defendant Dinkins represented to the court that he provided supplemental discovery responses following the court's order that he do so. Record Document 34. The Court will not compel anything further. Second, as the Magistrate Judge has pointed out on several occasions, the subject of this litigation is whether CCC's phone policy violates the Constitution, not the thoroughness of the grievance process. The Order of the Magistrate Judge [Record Document 43] is **AFFIRMED**.

Plaintiff filed a second motion to compel, this time seeking production of unspecified documents. Record Document 33. Defendants responded that they were not sure which documents Plaintiff was referencing, but they believed they had produced all responsive documents already. Record Document 44. The Magistrate Judge denied Plaintiff's motion. Record Document 53. Plaintiff appeals, stating that he did not include which documents were requested because "the defendants are aware of the requests." Record Document 55. Plaintiff now states that he is requesting a copy of the inmate handbook. Id. Defendants have already stated that they produced a copy of the inmate handbook. Record Document 44. The Order of the Magistrate Judge [Record Document 53] is **AFFIRMED**.

Plaintiff's third motion to compel sought responses to a second set of interrogatories. Record Document 47. Interrogatory Numbers 1 and 2 to Defendant

Wyche sought the names and addresses of the authors of the phone policy. The Magistrate Judge rightly reasoned that the names and addresses of the policy authors were not relevant "to litigate the constitutionality of the policy as enforced by the sheriff." Record Document 60, p. 3. Interrogatory Number 4 to Defendant Wyche asked for a description of how an inmate can transfer money to the telephone company. The Magistrate Judge reminded Defendants that they may only rely, at summary judgment or at trial, on policies or reasons that they have identified in response to discovery requests. Id., p. 3. Plaintiff has provided Defendant Wyche's response to Interrogatory Number 4 as an attachment to his appeal of the Magistrate Judge's Order. That response states that Defendants object on grounds that the request is duplicative, as they have already provided a copy of the relevant policy. Record Document 78-1, p. 3. Plaintiff does not argue that he did not receive a copy of the policy.

Interrogatory Number 8 to Defendant Wyche and Interrogatory Number 1 to Defendant Dinkins both ask what other phone options were available. The rejection of Plaintiff's grievance stated that other options had been tried before. The Magistrate Judge found that an additional response was not necessary, because the "focus of this litigation should be on the lawfulness of the current policy." Record Document 30, p. 4. Plaintiff points out in his appeal that the balancing test set out by the court considers "whether obvious, easy alternatives exist." Id., p. 7; Beard v. Banks, 126 S. Ct. 2572, 2577-78 (2006). To the extent that Defendants wish to rely at summary judgment or at trial on any claim that there were no alternatives, or they were not obvious or easy or

were otherwise less preferable than the current policy, they will only be allowed to do so if they have provided that information in response to discovery requests. If Defendants wish to offer anything further in response, they should file a supplemental response identifying alternative phone systems and why they were discontinued or not selected.

Finally, Interrogatory Number 2 to Defendant Dinkins asks why he did not mention that Plaintiff could transfer money to the telephone company when he rejected his grievance. Interrogatory Number 3 to Defendant Dinkins asks about his knowledge of whether an inmate could transfer money to the telephone company at the time he rejected the grievance. Again, this litigation is concerned with the phone policy, not the grievance procedure. The Order of the Magistrate Judge [Record Document 60] is **AFFIRMED.**

**THUS DONE AND SIGNED** in Shreveport, Louisiana, this 5th day of January, 2017.

Elizabeth Erny Foote
United States District Judge